IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEDREN NASH, A MAN/WOMAN,  § | |
| PLAINTIFF,  § | |
| § | |
| V.  § | CASE NO. 3:19-CV-1130-L-BK |
| § | |
| SCOTT POWELL, ET AL.,  § | |
| DEFENDANTS.  § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for judicial screening, including findings and a recommended disposition. Before the Court are Plaintiff Kedren Nash's *Applications to Proceed in District Court Without Prepaying Fees or Costs* (IFP Motion), Doc. 10 and Doc. 7, *Memorandum in Support to Proceed In Forma Pauperis*, Doc. 12, *Sworn Supplement in Support to Proceed In Forma Pauperis*, Doc. 13, and *Motion for Judicial Notice*, Doc. 14. As detailed here, the IFP motion should be **DENIED**.

**I.    BACKGROUND**

On June 17, 2019, the Court issued a third *Notice of Deficiency and Order* informing Nash that the information he provided in his prior IFP Motions was insufficient for the Court to determine whether he was entitled to proceed *in forma pauperis*. Doc. 11. The Court noted that Nash had offered the following conflicting information in his respective IFP Motions:

- Plaintiff initially claimed a monthly income of $400.00 from self-employment, and subsequently stated he receives $2,741.33. Doc. 7 at 1; Doc. 10 at 1.

- Plaintiff originally asserted he was unemployed from May 2017 to May 2019, but subsequently answered "n/a."

- Plaintiff listed no assets in his first motion, however, in his subsequent one he stated he owns a 2002 Ford explorer valued at $500.00.  Doc. 7 at 3; Doc. 10 at 3.

- Plaintiff also initially listed average monthly expenses of $400.00, which he spent entirely on food.  Doc. 7 at 4-5.  Subsequently, he averred that he spends monthly about $2,353.87, which includes discretionary spending of $156.73 for transportation (not including motor vehicle insurance payments) and $403.53 for "internet/grocery."  The latter is in addition to $337.14 claimed for food.  Doc. 10 at 4-5.

Doc. 11.

In addition, the Court observed that Nash (1) had failed to provide any supporting information for his self-employment and a description of the monthly discretionary spending, (2) had signed his motions as "Without the United States by Nash, Kedren: All Rights Reserved," and (3) refused to provide the last four digits of his social security number.  Doc. 10 at 1, 5. And, when asked to file additional information that would help explain why he could not pay the costs associated with this filing, Nash referenced his earlier *Motion For Relief of Open Records*, Doc. 10 at 5, in which he averred that "there is no lawful money in circulation in which to open this case" and references various Texas Constitutional provisions.  Doc. 4 at 1-2.

Consequently, on June 17, 2019, the Court ordered Nash to file provide additional details about his monthly income and expenses.  Doc. 11.  In his *Sworn Supplement* filed pursuant to that order, Nash avers that he is "a natural person" and his June 10, 2019 IFP Motion is correct. Doc. 13.  He also includes copies of bank statements from his Wells Fargo business checking account for the past six months.  Doc. 13 at 1-3.

Nash also filed a *Memorandum*, stating:

> The Court's requirement for Plaintiff to pay full the amount of filing fee in Federal Reserve Notes is unconstitutional and deprives the Plaintiff of right to due process, redress, and is against the Plaintiff's religious values. This is supported by the following sections of the Constitution of Texas 1875 without subsequent amendment, Article I, Bill of Rights, SEC. 13. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts

> shall be open, and every person for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law.  SEC. 16. No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts shall be made. Also in Article XVI, Sec 7: The Legislature shall, in no case, have power to issue "Treasury Warrants," "Treasury Notes," or paper of any description intended to circulate as money. This is further supported by the Constitution of the United States, Article 1, Section 10: No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

Doc. 12 at 7 (emphasis in original).

Nash also filed a second *Motion for Judicial Notice*.  Doc. 14.  However, his assertions are, for the most, part nonsensical.  Doc. 14.  Nash references various sections of the Texas Constitution, the Bible, and documents of which he asserts the Court should take judicial notice.  Doc. 14.

## II.   ANALYSIS

Whether to permit or deny an application to proceed *in forma pauperis* is within the sound discretion of the court.  *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a).  Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140.  "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Based on Nash's assertions of conflicting information and nonsensical arguments and his repeated refusals to confirm his employment, clarify his monthly income and spending, or explain his discretionary expenses, the Court should exercise it discretion to deny his IFP motion.  As reflected in his June 10, 2019 motion, Nash earns $2,741 from self-employment monthly and spends $2,353 for monthly living expenses.  Doc. 10.  Thus, Nash is financially

ineligible to proceed *in forma pauperis*. Further, contrary to his assertions, "there is no absolute 'right' to proceed in a civil action without paying a filing fee." *Norton v. Dimazana*, 122 F.3d 286, 290 (5th Cir. 1997); *Hunter v. Rodriguez-Mendoza*, 623 F. App'x 266, 266-67 (5th Cir. 2015) (finding denial of IFP motion in non-prisoner case did not rise to a constitutional violation).

### III.   RECOMMENDATION

Therefore, Nash's June 10, 2019 IFP motion [Doc. 10] should be **DENIED** and this action should be **DISMISSED WITHOUT PREJUDICE** unless Nash pays the $400.00 filing fee within 14-days from the date of filing of this *Recommendation*.

**SO RECOMMENDED** on June 28, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).