IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEDREN NASH, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:19-CV-1130-L-BK |
| § | |
| SCOTT POWELL AND SANTANDER § | |
| CONSUMER USA HOLDINGS, INC. § | |
|     DEFENDANTS. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. As detailed here, this action should be **DISMISSED** because of Plaintiff's failure to timely serve Defendants with summonses and copies of his complaint.

### I. PROCEDURAL HISTORY

On May 10, 2019, Plaintiff filed this suit against Defendants, alleged debt collectors, for violations of the Fair Credit Reporting Act and the Texas Business and Commerce Code. Doc. 3 at 1-2. Plaintiff paid the filing fee and was thus responsible for serving summonses and copies of his complaint on Defendants within 90 days. FED. R. CIV. P. 4(c)(1)&(m); Doc. 17. Plaintiff was warned on February 10, 2020 that by March 12, 2020, he must complete service of process or show good cause for his failure to do so, or his case would be dismissed. Doc. 24.

On February 20, 2020, Plaintiff filed a "Certification of Mailing," which indicates that a notary public sent several documents via certified mail to the Clerk of Court. Doc. 25 at 1-2. The Certification of Mailing includes a summons for CT Corporation System c/o Scott Powell,

Doc. 25 at 3-6, a notice of appointment and instruction for the Clerk of Court to serve as trustee over the case, Doc. 25 at 8, a notice concerning fiduciary relationship, Doc. 25 at 10, a copy of Public Law 58 from June 28, 1951, Doc. 25 at 12-16, and a proposed order, Doc. 25 at 17-19. Nevertheless, Plaintiff has failed to filed proof of proper service or show good cause for his failure as ordered.

## II.  APPLICABLE LAW

The burden is on the plaintiff to ensure that the defendants are properly served with summons and a copy of the complaint.  FED. R. CIV. P. 4(c)(1).  Service of process must be made within 90 days of filing a complaint or the action is subject to dismissal without prejudice.  FED. R. CIV. P. 4(m).  "[W]hen the time to effect service has expired, the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citation omitted).

## III.  ANALYSIS

Plaintiff's apparent attempt at service by certified mail via a notary public, Doc. 25, is insufficient.  Under Texas law, which applies here, only authorized persons can serve process by certified mail.  TEX. R. CIV. P. 103.  A notary public is not an authorized person under Texas law.  *Dunlap v. City of Fort Worth*, No. 4:13-CV-802-O, 2014 WL 1677680, at *3 n.2 (N.D. Tex. Apr. 28, 2014) (O'Connor, J.) (citing cases holding that the sheriff, constable, and clerk of court may serve process by certified or registered mail).

Plaintiff's attempted service via certified mail is also deficient because such service must be restricted to addressee only.  *Delta S.S. Lines, Inc. v. Albano*, 768 F.2d 728, 730 (5th Cir. 1985) (citing TEX. R. CIV. P. 106).  The documents filed by Plaintiff, however, show the certified mail receipt was not restricted to addressee only.  Also, the proof of service pages are blank,

Doc. 25 at 4, 6, and the notary public purports to serve all the documents on the Clerk of Court rather than Defendants Scott Powell and Santander Consumer USA Holdings Inc.  Doc. 25 at 1-2.  Moreover, Plaintiff's filed notice of appointment and instruction for the Clerk of Court to serve as trustee over the case, notice conferring fiduciary relationship, copy of Public Law 58, and proposed order do not effectuate service under Rule 4.  *See* Doc. 25 at 8, 10, 12-16, 17-19.

As stated previously, Plaintiff also has neither demonstrated nor attempted to demonstrate good cause for failing to properly effect service, despite the fact that nearly a year has passed since he filed his complaint.  *Kreimerman*, 22 F.3d at 645-46; Doc. 3.  Consequently, the Court concludes that Plaintiff cannot or will not comply with the Court's order and Rule 4.  Because Plaintiff has had substantial time to properly serve Defendants and has failed to demonstrate good cause for not doing so, an additional extension of the deadline is not warranted and dismissal of this case without prejudice is appropriate.  *See Pennie v. Obama*, 255 F. Supp. 3d 648, 656 (N.D. Tex. 2017) (dismissing case without prejudice against numerous defendants pursuant to Rule 4(m) due to plaintiffs' failure to properly effect service of process despite being granted extensions of time to do so).

### IV.  CONCLUSION

For the foregoing reasons, this case should be **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to timely and properly serve Defendants with summonses and copies of his complaint as required by Rule 4(m).

**SO RECOMMENDED** on March 24, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).